## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:06CV146-V-02
## (5:03CR32-V)

ALFREDO LEON-SANCHEZ,     )
     Petitioner,         )
                          )
      v.                )             <u>ORDER</u>
                          )
UNITED STATES OF AMERICA, )
     Defendant.         )
_____)

THIS MATTER comes before the Court upon Petitioner's "Amended Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255," filed January 3, 2007 (document # 4). For the reasons stated herein, Petitioner's Motion will summarily be <u>dismissed</u>.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Pertinent Court records reflect that on July 29, 2003, a Bill of Indictment was filed charging Petitioner, who is Hispanic, with possession with intent to distribute 500 grams or more of cocaine powder, in violation of 21 U.S.C. § 841. (Case No. 5:03CR32, document # 4). On September 3, 2003, defense counsel filed a Motion to Suppress the drug evidence which had been seized from him during a search which was conducted follow-ing a routine traffic stop. (<u>Id</u>.,document # 11). Counsel also filed a supporting Brief arguing that the traffic stop was a pretext caused by the illegal racial profiling which the law enforcement officers had engaged in; therefore, the evidence

which was discovered during the search was obtained in violation
of Petitioner's Fourth Amendment rights. (Id., document # 12).
In addition, defense counsel filed a Motion to Dismiss the
Indictment and a supporting brief in which he argued that the
Government had failed to preserve the condition of the secret
compartment in which the drugs were dis-covered, thereby
violating Petitioner's constitutional right to present a complete
defense. (Id., documents ## 14 and 15).

On December 2, 2003, the Magistrate Judge held a hearing on
Petitioner's Motion to Suppress. On December 5, 2003, the Magi-
strate Judge entered a Memorandum and Recommendation recommending
that Petitioner's Motion to Suppress be granted. (Id., document
# 31).[1] However, on December 15, 2003, the Government filed
Objections to the Magistrate Judge's decision arguing, inter
alia, that it had established an objectively reasonable basis for
Petitioner's traffic stop; therefore, the ensuing search and
discovery of the drug evidence was lawful. (Id., document # 33).
Also on that date, Petitioner filed his own Objections arguing,
in part, that the Magistrate Judge had erred in concluding that
Petitioner could not establish a basis for suppression under the

---

[1]That is, although the Court found that certain U.S. Supreme Court pre-
cedent precluded Petitioner's ability even to argue that a traffic stop was
pretextual based upon his membership in a suspect class, See Wren v. United
States, 517 U.S. 806 (1996), the Government still failed in establishing an
objectively reasonable basis for the traffic stop. (Case 5:03CR32, document #
31 at 8-9). Therefore, the Court found the stop was unconstitutional and the
evidence inadmissible.

Fifth Amendment's Equal Protection Clause on the basis of a racially motivated pre-textual traffic stop. (Id., document # 34).

The Court took the parties' Objections under advisement and on April 5, 2004, Petitioner's two-day jury trial began. At the outset of the trial, but after reviewing the issues and the parties' arguments, the Court entered an oral Order rejecting the Magistrate Judge's recommendation to suppress the evidence and denying Petitioner's Motion to Dismiss.

Thereafter, the government presented evidence through the testimony of eight witnesses which tended to show, inter alia, that on July 13, 2003, a Deputy Sheriff with the Iredell County Sheriff's Department stopped Petitioner's vehicle on Interstate 40 near Statesville, North Carolina for his failure to maintain a single lane of travel. After issuing Petitioner a warning ticket, Petitioner granted the Deputy's request for permission to search his vehicle. The Deputy conducted the search with the assistance of another officer and his K-9 assistant. During the course of the search, the K-9 assistant alerted the officers' attention to the rear bumper of the vehicle. Once the bumper was removed, the officers found nearly four kilograms of almost pure cocaine and a small amount of crystal methamphetamine in a hidden compartment at the rear of the car. Defendant was arrested and advised of his constitutional rights. In addition, the Govern-

ment introduced the drugs into evidence.

For his part, Petitioner did not testify and did not present any witnesses of his own. Instead, Petitioner made an oral motion for a judgment of acquittal on the ground that the Government's evidence was insufficient to establish that Petitioner knowingly possessed with intent to distribute the drugs which were seized from the bumper of his car. However, that motion was denied.

The Court then explained to Petitioner that he had the right to testify in his own behalf if he desired to do so and that if he chose not to testify, the jury could not hold that fact against him. In addition, defense counsel also conferred with Petitioner about his right to testify. After that discussion, counsel advised the Court that Petitioner did not wish to testify. The Court directly asked Petitioner if had discussed that matter with his attorney, whether he understood his rights, whether it was his decision not to testify and whether he wanted to offer any other evidence. In response to the Court's inquiries, Petitioner confirmed that he had discussed those matters with counsel and understood his rights, that he did not plan either to testify or to or offer any evidence and that he had made those decisions "freely and voluntarily after discussing them with [his] attorney." Sentencing Tr., filed November 2, 2004 at 173. Thereafter, defense counsel renewed his motion to

suppress, but that motion again was denied.

The jury next heard the attorneys' closing arguments and received instructions from the Court. At the conclusion of their deliberations the jury found Petitioner guilty of having posses-sed with intent to distribute at least 500 grams of cocaine. (Case No. 5:03CR32, document # 50). On April 13, 2004, Peti-tioner filed post-verdict Motions for Judgment of Acquittal and for a New Trial. (Id., document ## 51 and 53). However, on April 23, 2004, the Court entered an Order denying both of those Motions. (Id., document # 55). On May 4, 2004, the Court entered a written Order to memorialize its oral decisions to reject the Magistrate Judge's recommendation in favor of suppression and to deny Petitioner's pre-trial Motion to Dismiss. (Id., document # 56).

On September 27, 2004, Petitioner filed a Sentencing Memo-randum arguing that he was entitled to a three-point reduction for acceptance of responsibility. (Id., document # 58). By that Memorandum defense counsel argued that Petitioner had gone to trial for the sole purpose of maintaining and preserving his pre-trial challenges to the evidence and the indictment; therefore, counsel argued that Petitioner still was entitled to the three-point reduction. However, during Petitioner's Sentencing Hearing, held October 4, 2004, the Court declined to grant the three-point reduction, finding that Petitioner was not eligible

for it because his trial contested both the constitutionality of the search and seizure <u>and</u> the question of his guilt.

Ultimately, after hearing from counsel for the parties, the Court determined that Petitioner's total Offense Level was 30, his Criminal History was II, and that his corresponding range of imprisonment was 108 to 135 months. Ultimately, the Court sentenced Petitioner to a term of 120 months imprisonment. Petitioner timely noted his appeal to the Fourth Circuit Court of Appeals.

On appeal, Petitioner argued that this Court erred in quashing his subpoenas requesting documents from the Iredell County Sheriff's Department and in denying his motion to suppress under the Fourth Amendment. <u>United States v. Leon-Sanchez</u>, 150 Fed. App'x 186, 187 (4th Cir. Sept. 23, 2005). Petitioner further argued, in the alternative, that the Fifth Amendment's Equal Protection Clause required the suppression of the evidence because his traffic stop was racially motivated; that this Court improperly denied his motions for a judgment of acquittal or a new trial; and that his sentence was unlawful under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) because it was based upon facts which were not found by the jury and/or the jury's finding that he dealt with nearly four kilograms of cocaine represented a fatal variance from the Indictment's allegation that he had dealt with 500 grams or more. <u>Leon-Sanchez</u>, 150 Fed. App'x at 187-88.

6

However, the Circuit Court rejected all of those claims.

Of particular relevance here, the Court of Appeals rejected Petitioner's claim of a Fourth Amendment violation upon a conclusion that the deputy sheriff's decision to stop Petitioner's vehicle was supported by a reasonable suspicion of unlawful conduct; that after the stop, the deputy's decision to further question Petitioner was supported by reasonable suspicion that criminal activity was afoot; and that Petitioner thereafter had, in fact, freely and voluntarily consented to the search of his vehicle. <u>Id</u>. at 187-88.

The Court further found that this Court did not err in rejecting Petitioner's claim of a Fifth Amendment violation because there was no evidence that Petitioner was stopped by the deputy sheriff because of his race. <u>Id</u>. at 188. The Circuit Court also concluded that Petitioner's post-judgment motions properly were denied by this Court because the evidence was sufficient to support the jury's verdict. <u>Id</u>. Last, the Court of Appeals found that inasmuch as Petitioner's appellate argument conceded that the jury had convicted him of possessing the full amount of cocaine which was seized from his car, this Court did not err in calculating his sentence based upon that amount; and that there was no fatal variance between the Indictment and the jury's verdict. <u>Id</u>. Subsequently, the U.S. Supreme Court denied Petitioner's Petition for a Writ of <u>Certiorari</u>. <u>United States v.</u>

Leon-Sanchez, 546 U.S. 996 (2005).

Consequently, on November 3, 2006, Petitioner returned to this Court with the instant Motion to Vacate raising several claims for relief.  By his first nine claims Petitioner argues that he was subjected to numerous instances of ineffective assistance of counsel in that counsel allegedly: (1) failed to advise him of all the facts and law relevant to his decision to proceed to trial; (2) failed timely and properly to seek the suppression of evidence which was material to his conviction and sentencing; (3) failed to investigate or present available material exculpatory evidence and testimony and failed to object to the unlawful admission of evidence by the Government; (4) failed to advise Petitioner of all of the facts and law relevant to a decision of whether or not to testify; (5) failed timely to request appropriate jury instructions, to object to insufficient instructions, to object to improper arguments by the Government or to seek curative instructions for those matters; (6) failed to investigate or present available evidence material to his sen-tencing and failed to object to the evidence which was used to calculate his sentencing range; (7) failed to move for an appro-priate downward departure; (8) failed to investigate and present the strongest available issues on direct appeal and failed to preserve viable issues for collateral review; and (9) labored under an actual conflict of interest which adversely impacted

every stage of his criminal proceedings.

Furthermore, Petitioner's tenth claim alleges that even if the foregoing failures did not, individually, rise to the level of constitutional violations, the cumulative effect of such deficiencies did constitute ineffective assistance of counsel. By his eleventh claim, Petitioner also alleges that his Fifth Amendment right to due process and his Sixth Amendment rights were violated when his statutory maximum sentence was increased based upon facts which were not charged in his Indictment, pre-sented to the jury, proven beyond a reasonable doubt or admitted by him. Petitioner's twelfth claim is that his Fifth and Sixth Amendment rights to due process, notice and a jury trial and his statutory rights under 18 U.S.C. § 3553(a) were violated when the Court increased his statutory maximum sentence in violation of United States v. Booker, 543 U.S. (2005).

By his thirteenth claim, Petitioner alleges that he was denied his Fifth Amendment right to due process because the Court lacked knowledge of the available range of sentencing discretion which was available by virtue of the changes announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny. Last, Petitioner's fourteenth claim argues that his conviction and sentence violate his First, Fourth, Fifth, Sixth and Eighth Amendment rights to free speech and petition, to be free of unreasonable searches and seizures, to due process, to the

9

effective assistance of counsel, to confront the witnesses against him, to present a defense, to compulsory process and to be free of cruel and unusual punishment. Notwithstanding his apparent belief to the contrary, however, Petitioner's Motion to Vacate must be summarily dismissed for his failure to state a constitutional claim for relief.

## II. <u>ANALYSIS</u>

1. <u>**This Court is authorized to promptly review and dismiss any § 2255 motion which does not contain a claim that entitles the petitioner to relief**</u>.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court carefully has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to relief on any of his claims.

2. <u>**Petitioner's challenges to his sentence are barred from this Court's review**</u>.

Taking them out of turn, by his eleventh through thirteenth claims, Petitioner challenges the constitutionality of his sentence claiming that it was imposed in violation of his Fifth and Sixth Amendment rights, his statutory rights and in violation of Apprendi and that line of cases. As was previously noted, however, Petitioner's appeal unsuccessfully challenged his sentence under Blakely v. Washington, 542 U.S. 296 (2004). Indeed, the appellate Court flatly rejected Petitioner's Blakely challenge and expressly found, due in part to Petitioner's appellate concession, that his sentence " was based upon the jury's findings of drug quantity and not judicial factfinding . . . ." Leon-Sanchez, 150 Fed. App'x at 188.

However, it is well settled that in the absence of a favorable, intervening change in the law which can be applied on collateral review, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Accordingly, to the extent that Petitioner again is attempting to challenge his sentence under the reasoning set forth in the Apprendi line of cases and he has not directed the Court's attention to any intervening change in the law which would authorize him to reassert this claim, his argument is barred.

On the other hand, to the extent that Petitioner is attempting to challenge his sentence on grounds which were not previously raised in his direct appeal, such claims still are subject to summary dismissal.

In <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000), the Court pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>Id</u>., <u>citing</u> <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>see also</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); <u>and</u> <u>Stone v. Powell</u>, 428 U.S. 465, 477 n.10 (1976).

Here, Petitioner does not acknowledge that certain of his sentencing challenges -- that his sentence violates his Fifth and Sixth Amendment rights and his statutory rights under § 3553(a) -- were not previously raised on direct appeal. And, notwithstanding that he has raised numerous allegations of ineffective assistance of counsel, he has not alleged that these specific claims were not raised due to ineffectiveness. To be sure,

Petitioner does not point to any claims which he believes counsel should have raised on appeal.  Rather, Petitioner merely argues that counsel "failed to investigate or present the strongest issues available to [Petitioner] for his direct appeal and failed to preserve viable issues for collateral review."  Therefore, Petitioner has failed to establish either cause and prejudice or some other basis for excusing his procedural default of his remaining sentencing challenges.  In sum, therefore, the Court must summarily reject these claims.

### 3. **The bulk of Petitioner's claims against counsel are conclusory and fail to state a claim for relief**.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984).  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984); <u>and</u> <u>Marzullo v. Maryland</u>, 561 F.2d 540 (4th Cir. 1977), <u>cert. denied</u>, 435 U.S. 1011 (1978).

Under these circumstances, a petitioner "bears the burden of proving _Strickland_ prejudice." _Fields_, 956 F.2d at 1297, _citing Hutchins_, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." _Fields_, 956 F.2d at 1290, _citing Strickland_, 466 U.S. at 697. Further, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. _Sexton v. French_, 163 F.3d 874, 882 (4th Cir. 1998), _cert. denied_, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under. . . _Strickland_ if the 'result of the proceeding was fundamentally unfair or unreliable.'" _Id._, _quoting Lockhart v. Fretwell_, 506 U.S. 364, 369 (1993).

Here, Petitioner's first nine claims set forth numerous allegations of ineffectiveness. Despite their volume, however, Petitioner's claims are noticeably lacking in factual and/or legal foundations. Indeed, Petitioner alleges that counsel failed timely and properly to seek the suppression of the evidence which was used to convict him. However, Petitioner does not even attempt to explain what he believes counsel did improperly or when he believes counsel should have made such motion. On the other hand, the record reflects that counsel actually filed the motion to suppress less than 30 days after

14

Petitioner was arraigned on his charge.  Such motion was
sufficiently thorough to warrant a pre-trial hearing which
initially vindicated Peti-tioner.  Thus, this vague allegation of
an untimely, improper motion to suppress falls far short of
stating a claim for relief.

Likewise, Petitioner alleges that counsel failed to inves-
tigate or present available material, exculpatory evidence and
testimony during the trial and at sentencing, and failed to
object to certain of the Government's evidence at trial and sen-
tencing.  Notably, however, Petitioner does not identify what
evidence he believes counsel should have presented, nor does he
specify the matters to which he believes counsel should have
filed objections.  Additionally, Petitioner does not identify
which matters he believes counsel failed to investigate and
present on appeal and which issues he failed to preserve for
collateral review.  He merely argues that counsel failed to take
those actions in violation of his Sixth Amendment right.  It goes
without saying, however, that such conclusory allegations cannot
possibly support a constitutional claim for relief.  See gen-
rally Knighton v. Maggio, 740 F.2d 1344, 1349-50 (5th Cir. 1984)
(a habeas petitioner alleging ineffective assistance of counsel
"must identify specific acts or omissions; general statements and
conclusory charges will not suffice.").

Nor can Petitioner's bare claims that counsel failed to

request appropriate jury instructions, to object to insufficient instructions, to object to certain of the Government's arguments or to seek curative instructions state a claim for relief. Indeed, Petitioner did not even bother to point to either the instructions he believes should have been requested or the matters to which counsel should have objected. Thus, Petitioner has failed to demonstrate an entitlement to relief on these allegations.

The Court further finds that Petitioner has failed to state a claim for relief on his allegation that counsel failed to seek "an appropriate" downward departure. Indeed, in the absence of any indication from Petitioner as to what downward departure should have been sought by counsel, he cannot possibly state a claim for relief on this allegation.

Petitioner also alleges that counsel labored under an actual conflict of interest. Notably again, however, Petitioner is entirely silent on the nature of the conflict or as to any facts which he believes support this claim. Once again, therefore, Petitioner cannot possibly establish an entitlement to relief on this bare-bones assertion.

In addition, Petitioner alleges that counsel was ineffective for having failed to advise him of all of the facts and law relevant to a decision of whether or not he should testify in his own behalf. However, this allegation is flatly belied by the

record. That is, the record establishes that the Court specifi-
cally engaged Petitioner in a discussion about his decisions
concerning whether or not he would testify or present any
evidence in his defense. On that occasion, the Court explained
Petitioner's rights to him. In response to the Court's questions
both counsel and Petitioner advised that they had discussed those
matters. Petitioner further told the Court that he had heard and
understood the information, and that his decision not to put on
his own defense was freely and voluntarily made after discussing
those matters with counsel. Moreover, as with the aforementioned
claims, Petitioner has not bothered to point to what additional
information counsel should have advised him. Accordingly, this
claim must be rejected as factually and legally baseless.

### 4. Petitioner's final claim of ineffec- tive assistance also must fail.

Unlike the foregoing, however, Petitioner goes to some
length in his attempt to establish that counsel was ineffective
for having failed to advise him of all of the facts and law
relevant to his decision about whether or not to proceed to a
full jury trial. As to this claim, Petitioner argues that once
his motion to suppress was denied, counsel should have sought a
continuance and advised him that he could have proceeded to a
bench trial on stipulated facts that he could have preserved his
right to "challenge his relevant conduct, his criminal history,
and other sentencing factors such as whether he was entitled to a

17

downward departure or adjustments for mitigating factors." According to Petitioner, counsel's failure in this regard caused him to loose his opportunity for a three-point reduction for acceptance of responsibility while still preserving all of his rights.

However, the Court notes that securing a bench trial upon stipulated facts would not have guaranteed that Petitioner would have received a three-point reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1. Indeed, the Application Notes for that provision explain that only in "rare situations" will a defendant who proceeds to trial still be entitled to a reduction for having accepted responsibility.

In <u>United States v. Dickerson</u>, 114 F.3d 464, 470 (4th Cir. 1997), the Fourth Circuit reversed the award of a two-level reduction under § 3E1.1 when the defendant admitted that he lied to the grand jury but secured a bench trial during which he denied that his lies were "material" so as to have constituted perjury. The Circuit Court noted that the Guidelines do not make a distinction between a bench trial and a jury trial; and that the defendant's challenge to the significance of his lies contested his "factual guilt," thereby making him ineligible for the reduction. <u>Id</u>.

More critically, in <u>United States v. Jones</u>, 431 F. Supp. 2d 594, 598-99 (E.D. Va. 2006), the Court denied a request for a § 3E1.1 reduction where the defendant secured a bench trial on

stipulated facts but continued to challenge his factual guilt by challenging "the admissibility of the outcome determinative evidence against him on constitutional grounds." There, the Court found that such challenge went to the heart of the question of whether or not the defendant factually was guilty; therefore, he was not entitled to the reduction. Id. The Circuit Court affirmed the denial of the reduction. See United States v. Jones, 233 Fed. App'x 273, 280 (4th Cir. May 24, 2007) (unpublished) (defendant's case was "not one of the 'rare situations' in which a defendant who proceeds to trial may still be entitled to an acceptance of responsibility reduction."). See also United States v. Craig, 14 Fed. App'x 260, 262-63 (4th Cir. July 31, 2001) (unpublished) (denying equal protection claim and finding a rational basis to support denial of a one-level reduction under § 3E1.1 where defendant timely agreed to a bench trial on stipulated facts for a felon in possession charge).

Based upon the foregoing, therefore, it is far from clear that Petitioner would have received the three-level reduction he believes that counsel's alleged ineffectiveness cost him. In fact, it is likely -- given the fact that Petitioner was determined to challenge the admissibility of the outcome determinative evidence of his guilt on constitutional grounds -- that he would not have received the subject reduction even if he had agreed to a bench trial on stipulated facts. Critically, therefore, on

this record Petitioner cannot establish any prejudice on the basis of counsel's alleged failure to advise him of the potential option of a bench trial.

Finally, it goes without saying that inasmuch as Petitioner's claims against counsel all are baseless, that he cannot possibly establish an entitlement to relief on his tenth claim which alleges those matters in the aggregate. Furthermore, Petitioner's fourteenth claim -- that his conviction and sentence violate his First, Fourth, Fifth, Sixth and Eighth Amendment rights is procedurally barred by his failure to have raised that allegation on direct appeal. Accordingly, Petitioner's tenth and fourteenth claims also must be rejected.

### III.  CONCLUSION

Petitioner's claims are conclusory, factually and/or legally baseless. Accordingly, he has failed to set forth a claim upon which relief can be granted.

### VI. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That Petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: July 25, 2008

Richard L. Voorhees
United States District Judge